**Yong Qi ZENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

**No. 08–6060–ag.**

United States Court of Appeals, Second Circuit.

Sept. 15, 2009.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Lyle D. Jentzer, Senior Litigation Counsel, Jeffrey L. Menkin, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present ROBERT A. KATZMANN, REENA RAGGI, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Yong Qi Zeng, a native and citizen of the People's Republic of China, seeks review of the November 21, 2008 order of the BIA denying his motion to reopen. *In re Yong Qi Zeng*, No. A071 498 261 (B.I.A. Nov. 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

1.  Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case. Fed. R.App. P. 43(c)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Azmond Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Because Zeng's June 2008 motion was filed over four years after his final order of removal and was the second such motion he had filed, his filing exceeded the time and numerical limits governing motions to reopen. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). These limits do not apply where the movant produces material and previously unavailable evidence of changed country conditions. 8 U.S.C. § 1229a(c)(7)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). However, "[a] self-induced change in personal circumstances" does not suspend the bar. *Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006).

As the BIA observed, Zeng's motion relied on changes in his personal circumstances, *i.e.,* his decision to join the China Democracy Party in November 2007, rather than on changes occurring in China. Thus the relevant change in circumstances was "entirely of [Zeng's] own making," *id.,* and the BIA did not abuse its discretion in denying his motion to reopen. Because the BIA properly denied Zeng's motion to reopen, we need not consider his challenge to its finding that he failed to show *prima facie* eligibility for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).